**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                      Case No. 07-mj-029-02-JM

Micah Donovan

**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on May 16, 2007, for the purpose of determining whether to detain defendant, Micah Donovan, who has been indicted on one count of conspiracy to commit bank robbery, one count of aiding and abetting bank robbery and one count of possession of a firearm in furtherance of a crime of violence.

     Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

     Pursuant to the provisions of 18 U.S.C. § 3142(g) a court,

in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93.

In the case at hand, the indictment itself probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with

regard to risk of flight and danger to the community. Specifically, the indictments include crimes of violence and the weight of the evidence is overwhelming. Wire taps, body wire, testimony of co-conspirators and physical evidence show defendant's involvement in the planning, acting as a lookout, involvement with the gun and the escape and attempted cover-up. The weapon was loaded. His ties are little in comparison.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a risk of flight and danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On

order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                              _/s/ James R. Muirhead_
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:   May 16, 2007

cc:     Terry L. Ollila, AUSA
        Paul J. Garrity, Esq.
        Liam D. Scully, Esq.
        Mark L. Sisti, Esq.
        Sven D. Wiberg, Esq.
        U.S. Marshal
        U.S. Probation